THE STATE OF OHIO, APPELLEE, *v.* STADLER, APPELLANT.

(Nos. 1266 and 1267—Decided December 28, 1983.)

*Mr. Norman E. Brague,* law director, for appellee.

*Mr. Robert M. Fowler,* for appellant.

GEORGE, J. This appeal involves the denial of an expungement of the record of a criminal proceeding where the accused was exonerated by a jury.

Larry W. Stadler, defendant-appellant, was arrested for the offenses of petty theft and robbery. The grand jury returned indictments on two new offenses representing the misdemeanor components of robbery. The matter was remanded to the municipal court where defendant entered pleas of not guilty. The case was tried to a jury and defendant was acquitted. Stadler then filed a civil action in the court of common pleas against the prosecuting witness, Fisher Big Wheel, and two of its employees. Stadler prevailed and received a monetary award which included punitive damages.

In Ohio, the authority for the return, sealing or expungement of a criminal record exists in three ways: two are statutory (R.C. 109.60 and R.C. 2953.31 *et seq.*) and one is judicial (*Pepper Pike* v. *Doe* [1981], 66 Ohio St. 2d 374 [20 O.O.3d 334]). It must be noted at the outset that the maintenance of criminal records is generally predicated upon a compelling state interest in such records.

When defendant petitioned the municipal court for an expungement of the record involved in his acquittal, the trial court granted only the return of his fingerprints and description as provided in R.C. 109.60. The requested expungement of his record was otherwise denied.

The statutory expungement procedure contemplated under the provisions of R.C. 2953.31 *et seq.* is available only to a first offender. A "first offender" is defined therein as anyone who has once been convicted. Since defendant does not have the status of having once been convicted, he was ineligible for this statutory relief.

Where there is no statutory authority to grant an expungement of a criminal record, the court may order a record sealed in an unusual or exceptional case by the exercise of its inherent powers. *Pepper Pike* v. *Doe, supra.*

### Assignment of Error I

"The trial court failed to apply the constitutional standard for expungement mandated in *Pepper Pike* v. *Doe.*"

The standard for granting the judicial remedy of expunging a criminal record was set out in *Pepper Pike* v. *Doe, supra,* at 377, as follows:

"* * * The criminal charge and dismissal with prejudice were such unusual and exceptional circumstances as to make appropriate the exercise of the trial court's jurisdiction to expunge and seal all records in the case. * * *

"* * * When exercising these powers, the trial court should use a balancing test, which weighs the interest of the accused in his good name and right to be free from unwarranted punishment against the legitimate need of government to maintain records. * * *"

*Pepper Pike* v. *Doe, supra,* stands for the proposition that an expungement may be granted in an exceptional case. Once the trial court determines that the case is exceptional, the court is then required to weigh the interest between the petitioner's right to privacy against the public interest to maintain the record of the criminal proceeding.

The Ohio Supreme Court made it clear that such an exceptional case was rare. Expungement was not for the typical case where an accused had been acquitted. In *Pepper Pike* v. *Doe, supra,* at 377, the court stated:

"* * * this is the exceptional case, and should not be construed to be a carte blanche for every defendant acquitted of criminal charges in Ohio courts. Typically, the public interest in retaining records of criminal proceedings, and making them available for legitimate purposes, outweighs any privacy interest the defendant may assert. * * *"

The inherent power to grant an expungement request is thus limited to the rare case where the accused can demonstrate unusual and exceptional circumstances. It is not enough merely for defendant to have been acquitted. Judicial expungement is an exceptional remedy to be employed where the equities of the situation demand it. To hold otherwise and permit the indiscriminate expungement of all records of acquittals would obfuscate the importance of an acquittal. Additionally, such a practice would run contrary to the public's interest and the need to retain records of criminal proceedings.

Here, despite defendant's successful civil suit against the prosecuting witnesses, the trial court found that his case was not an exceptional one. This decision lies within the discretion of the trial court and shall not be reversed absent a showing of an abuse of discretion.

The trial court did not abuse its discretion in determining that Stadler's case did not warrant expungement of the record. Therefore, the first assignment of error is overruled.

### Assignment of Error II

"The trial court erroneously concluded that it was without legal authority to grant appellant's request for expungement in its determination that special circumstances did not exist as required by pertinent case law."

There is nothing in the record to indicate that Fisher Big Wheel or the state

were vindictively prosecuting defendant. This is so, even if it is assumed here that a civil jury found the prosecution was wrongful. The award of punitive damages against Fisher Big Wheel does not, of itself, demonstrate that defendant's case was exceptional and within the purview of *Pepper Pike* v. *Doe, supra.*

The trial court reasoned that while defendant's prosecution was clearly exceptional so far as he was concerned, such did not necessarily render it exceptional or unusual in a legal sense. This court agrees. Defendant was vindicated by his acquittal and again by his civil monetary award.

Therefore, this assignment of error is overruled.

### Assignment of Error III

"Ohio Revised Code § 2953.31 is violative of the equal protection clause of the Federal Constitution in that it portends to provide the remedy of expungement for an arrestee offender, yet denies the remedy of expungement to an acquitted arrestee offender, while providing it for a convicted arrestee offender."

Defendant argues that since the statutory expungement procedure is not available to an acquitted person it is violative of his right to equal protection under the law. However, the legislative intent was to recognize the rehabilitation of a convicted first offender by permitting his record to be expunged in certain circumstances. The convicted first offender is treated differently by law and by society. The nonconvicted person does not fall within the same classification as that of a convicted first offender. Therefore, there can be no denial to defendant of the equal protection of the law when he is not within the class of people covered by the law.

Further, to hold the statutory expungement procedure invalid would merely eliminate a remedy for convicted first offenders. It would not provide defendant with any greater remedies than are now available to him.

This assignment of error is likewise overruled.

In view of the foregoing, the judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and BAIRD, J., concur.