CITY OF BOWLING GREEN *v.* LOGAN.

(No. 85-CR-B-470—Decided October 9, 1987.)

Bowling Green Municipal Court.

*Michaelle T. Crowley,* city prosecutor, for plaintiff.

*John Echols,* county public defender, for defendant.

BACHMAN, J. The defendant, Mark Logan ("Logan"), has filed a motion for the sealing of his records in this case wherein he was convicted on June 7, 1985, of an assault committed on May 8, 1985 in Bowling Green, Ohio. He now acknowledges that he also was convicted for a May 10, 1985 offense of driving under the influence of alcohol under R.C. 4511.19(A)(3), on May 9, 1987, in Sandusky, Ohio.

The two questions presented are:

1. Did these two convictions result from or were they connected with the same act, or did they result from offenses committed at the same time, within the meaning of R.C. 2953.31(A), and thus are considered as one conviction?

2. If not, does the court have inherent authority to grant a sealing of the records in spite of the offenses not being counted as one offense; and, if so, should the court exercise that authority here?

The first question concerns an interpretation of R.C. 2953.31 *et seq.,* the statutes that govern the sealing of conviction records. R.C. 2953.32(A) provides in part that "[a] first offender may apply * * * for the sealing of the record of his conviction * * * [after certain stated periods of time]." R.C. 2953.31 provides in part:

"(A) 'First offender' means anyone who has been convicted of an offense in this state * * * and who has not been previously or subsequently convicted of the same or a different offense in this state * * *. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction.

"For purposes of, and except as otherwise provided in, this division, a conviction * * * for a violation of any section in Chapter 4511 * * * of the Revised Code * * * is not a previous or subsequent conviction. A conviction for a violation of section * * * 4511.19 * * * of the Revised Code * * * shall be considered a previous or subsequent conviction."

The court concludes that Logan's convictions for assault and for driving under the influence of alcohol cannot be considered as one conviction. They were offenses of two different types (one criminal, the other traffic), and occurred on two separate days (with at least twenty-four hours between the two occurrences) and at two separate places (about fifty miles or more apart).

Logan cites the case of State v. Penn (1977), 52 Ohio App. 2d 315, 6 O.O. 3d 357, 369 N.E. 2d 1229, as authority for his argument that his two convictions should be considered as one conviction under R.C. 2953.31 and 2953.32. In that case Penn entered pleas of guilty to two robbery charges, and then later sought an order to seal the record of the convictions. In the syllabus to the court of appeals decision, it is stated: "When a defendant commits two offenses of the same type, in the same general location and within a short time of each other, both crimes constitute one act for the purpose of determining his status as a 'first offender,' under R.C. 2953.31

and 2953.32." Penn was a hitchhiker, and within the space of fifteen minutes hitched two separate rides and robbed two different drivers in the same general location.

That is hardly the situation in the instant case, as explained above, where the offenses were not "of the same type," were not "in the same general location," and were not "within a short time of each other." Furthermore, the convictions were not in the same court. Our case is distinguishable from the Penn case, and is more similar to the case of In re Walsh (Feb. 17, 1976), Hamilton App. No. C-75127, unreported, cited in Penn at 318, 6 O.O. 3d at 359, 369 N.E. 2d at 1231.

Accordingly, the first question above must be answered in the negative. Logan's two convictions (1) did not result from or were not connected with the same act, and (2) did not result from offenses committed at the same time, within the meaning of R.C. 2953.31(A).

We turn now to the second question. Does the court have inherent authority to seal the records of a twice-convicted defendant? Logan cites two cases: State v. Stadler (1983), 14 Ohio App. 3d 10, 14 OBR 13, 469 N.E. 2d 911, and Pepper Pike v. Doe (1981), 66 Ohio St. 2d 374, 20 O.O. 3d 334, 421 N.E. 2d 1303, in support of his position.

In Pepper Pike the Ohio Supreme Court noted at 376, 20 O.O. 3d at 335, 421 N.E. 2d at 1305, that the defendant was "charged with but not convicted of a criminal offense." It observed in footnote 4 that because the defendant was never convicted, R.C. 2953.32 was inapplicable. Id. However, it then said that "* * * even absent statutory authorization, trial courts in unusual and exceptional circumstances expunge criminal records out of concern for the preservation of the

privacy interest * * * [or] in 'appropriate circumstances' out of concern for due process rights." *Id.* at 376, 20 O.O. 3d at 335, 421 N.E. 2d at 1305-1306.

However, *Pepper Pike* is distinguishable from our case. It involved a dismissal of the charge, not a conviction on the charge. The Supreme Court, at 377, 20 O.O. 3d at 336, 421 N.E. 2d at 1306, said that *Pepper Pike* was "an exceptional case, and should not be construed to be a carte blanche for every defendant acquitted of criminal charges * * *." Clearly, it is inapplicable to our case where we have a conviction, not a dismissal.

In *Stadler*, the defendant's charges were dismissed, after he was acquitted by a jury. So, as in *Pepper Pike*, there was no conviction record that was being sought to be sealed. Therefore, *Stadler* is distinguishable from our case where we have a conviction.

Logan has cited no case holding that courts have inherent authority, separate from the statute, to seal conviction records. (The two Ohio reported cases cited in footnote 3 in *Pepper Pike* at 376, 20 O.O. 3d at 335, 421 N.E. 2d at 1305, involve defendants who were arrested but not convicted.)

Accordingly, this court concludes that it has no inherent authority to order the sealing of the records of a convicted defendant.

However, continuing with a consideration of the second question, even if there were such inherent authority, should this court exercise that authority and order that Logan's assault conviction record be sealed?

The facts of the assault (as borne out by the file and the record of the sentencing hearing) show that Logan accused his roommate, Quinn, of stealing his college textbook, which Quinn denied. Thereupon, Logan repeatedly with his fists struck Quinn in the mouth and upper body, resulting in large bruises on Quinn's forehead, a split lip, and some loosened teeth. (Logan was at the time a veteran of the United States military services.) From this incident Quinn caused the filing of the assault charge for which Logan now seeks to seal his conviction record. The assault was unprovoked and unwarranted; it was senseless.

Logan has the subsequent conviction of a serious offense, namely the driving under the influence conviction. Drunk driving and assault are both first degree misdemeanors, the most serious degree of misdemeanor under Ohio's classification of offenses. Furthermore, the drunk driving occurred after Logan had left a weekend military drill where he had imbibed alcohol while on duty and got drunk. Drinking while on duty certainly shows a disregard for the military rules. Driving while drunk shows a disregard for the civilian rules. He does not deserve a sealing of the records.

Logan's traffic record shows five other convictions before the assault conviction (speeding, in 1978; speeding, in 1979; moving violation, in 1983; railroad crossing violation, in 1983; failure to yield the right of way at a stop sign, in 1984) and two after it (speeding, in 1986; speeding, in 1987). That is a total of seven offenses, in addition to the assault offense and the drunk driving offense. Those nine offenses show that Logan has a total disregard for the laws of Ohio, both the criminal laws and the traffic laws. He has been, and still is, a threat to public safety, both on and off the highways. He does not deserve a sealed record; the public expects and deserves an unsealed record.

The crime of assault (whether under the Revised Code or a similar local ordinance) is defined as an "offense of violence." See R.C. 2901.01 (I)(1), that refers to the assault section

(R.C. 2903.11). What does this mean? If in the future Logan is convicted of certain offenses, the penalties therefore are apt to be more severe because of his prior offense of violence. See, for example, R.C. 2929.12 and 2929.22, concerning the criteria for imposing imprisonment for felonies or misdemeanors when the offender is a repeat offender (the definition of which includes a person convicted of and imprisoned for an offense of violence — see R.C. 2929.01[A][1]). Logan was imprisoned for ten days on the assault charge. Due to Logan's history and character, there is a potential risk that he may commit further offenses.

Because of the above, the court in its discretion concludes that Logan's record should not be sealed, even if this court had the authority to do so. The court does this in spite of the fact that Logan, since his conviction, has received a Bachelor of Science degree from Bowling Green State University and a certificate of successful completion of the United States Army Officer Candidate School.

*Motion overruled.*