The State, ex rel. Outlet Communications, Inc., Appellant, et al., *v.* Lancaster Police Department, et al., Appellees.

[Cite as State, ex rel. Outlet Communications, Inc., *v.* Lancaster Police Dept. (1988), 38 Ohio St. 3d 324.]

(No. 87-1708—Submitted June 8, 1988—Decided September 2, 1988.)

326

*Vorys, Sater, Seymour & Pease, C. William O'Neill* and *Charles P. Hurley,* for appellant.

*John D. Huddle,* law director, and *Ted V. Russell,* for appellees.

HOLMES, J.   The Public Records Law, R.C. 149.43(B), in pertinent part, provides that "[a]ll public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. * * *" More pointedly applicable to the questions of law presented here is the definition and exception section to this law, R.C. 149.43(A), which states in pertinent part:

"As used in this section:

"(1) 'Public record' means any record that is kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, except medical records, records pertaining to adoption, probation, and parole proceedings, records pertaining to actions

under section 2151.85 of the Revised Code and to appeals of actions arising under that section, records listed in division (A) of section 3107.42 of the Revised Code, trial preparation records, confidential law enforcement investigatory records, and records the release of which is prohibited by state or federal law.

"(2) 'Confidential law enforcement investigatory record' means any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of any of the following:

"(a) The identity of a suspect who has not been charged with the offense to which the record pertains, or of an information source or witness to whom confidentiality has been reasonably promised;

"(b) Information provided by an information source or witness to whom confidentiality has been reasonably promised, which information would reasonably tend to disclose his identity;

"(c) Specific confidential investigatory techniques or procedures or specific investigatory work product;

"(d) Information that would endanger the life or physical safety of law enforcement personnel, a crime victim, a witness, or a confidential information source."

There are two basic issues presented within this appeal. First, whether a person who has been arrested or cited for a traffic offense, such as OMVI, but has not been formally charged, falls within the exception to the Public Records Law, R.C. 149.43(A)(2)(a), pertaining to "[t]he identity of a suspect who has not been charged with the offense to which the record pertains * * *." Second, whether R.C. 149.43 requires the disclosure of any public information that might be contained within a record which also contains information which is excepted from disclosure under the law. We answer the first issue in the negative, and answer the second issue in the affirmative.

By virtue of the recent amendments to the Public Records Law, which were in response to prior determinations of this court, we must reasonably construe the provisions herein involved to mean that confidential law enforcement investigatory records are, subject only to the specific narrow exceptions, within the compulsory disclosure provisions of the statute.[1] *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland* (1988), 38 Ohio St. 3d 79, 526 N.E. 2d 786, paragraph one of the syllabus. Additionally, this court has shown its public policy awareness of the fundamental use of this Public Records Law as it pertains to drunk driver records in *State, ex rel. Mothers Against Drunk Drivers,* v. *Gosser* (1985), 20 Ohio St. 3d 30, 20 OBR 279, 485 N.E. 2d 706, wherein we held records of intoxilyzer test results are public records which, absent any specific statutory exclusion, must be made available for public inspection.

---

[1] In *State, ex rel. Beacon Journal,* v. *Univ. of Akron* (1980), 64 Ohio St. 2d 392, 18 O.O. 3d 534, 415 N.E. 2d 310, this court acknowledged that the legislative amendment to R.C. 149.43 was intended to reverse the result reached in *Wooster Republican Printing Co.* v. *Wooster* (1978), 56 Ohio St. 2d 126, 10 O.O. 3d 312, 383 N.E. 2d 124, wherein we held that the prior version of R.C. 149.43 that contained no specific reference to law enforcement records did not require the disclosure of police and other law enforcement investigatory records.

Accordingly, the exceptions to disclosure as enumerated in R.C. 149.43 are to be construed strictly against the police department, the custodian of the records determined to be public herein, and any doubts shall be resolved in favor of disclosure. *State, ex rel. Plain Dealer Publishing Co., v. Krouse* (1977), 51 Ohio St. 2d 1, 2, 5 O.O. 3d 1, 364 N.E. 2d 854, 855.

The court of appeals found that the arrest records and intoxilyzer records were confidential law enforcement investigatory records pursuant to R.C. 149.43(A)(2)(a) on the ground that they contained the names of persons who had been arrested and/or issued citations but who had not been formally charged. We conclude that it is neither necessary nor controlling to engage in a query as to whether or not a person who has been arrested or issued a citation for minor criminal violations and traffic violations, as primarily involved herein, has been formally charged. Arrest records and intoxilyzer records which contain the names of persons who have been formally charged with an offense, as well as those who have been arrested and/or issued citations but who have not been formally charged, are not confidential law enforcement investigatory records within the exception of R.C. 149.43(A)(2)(a).

We find that the statute, by referring to "suspects," was intended to except documents that identified persons who were subject to ongoing investigations as to which no public action, such as an arrest or a citation, had yet been taken. The term "suspects" clearly implies persons subject to ongoing investigations. One who has been arrested or given a citation, which is in lieu of arrest for a minor misdemeanor in Ohio as provided by statute,[2] is more than just a suspect under investigation, at least for purposes of application of R.C. 149.43. Within the context of our discussion here, even though a person who has been arrested or given a citation for a traffic violation may subsequently not be prosecuted on such violation, it may be reasonably concluded that such person has been charged.

Accordingly, in relation to the arrest records and the intoxilyzer records involved here, we hold that for purposes of the application of the Public Records Law such records contain names of persons who have been charged with an offense and that these records are not confidential law enforcement investigatory records, and are subject to disclosure pursuant to R.C. 149.43.

In the instant case, the court of appeals held that the Furtherance of Justice Fund records were confidential law enforcement investigatory records excepted from disclosure by R.C. 149.43(A)(2)(b) because the records contained "information from confidential sources which would reasonably tend to disclose their identities." As stated previously, these records contained information of the sources of the fund, uses of the fund, identities of

---

[2] R.C. 2935.26 provides, in pertinent part:

"(A) Notwithstanding any other provision of the Revised Code, when a law enforcement officer is otherwise authorized to arrest a person for the commission of a minor misdemeanor, the officer shall not arrest the person, but shall issue a citation, unless one of the following applies:

"(1) The offender requires medical care or is unable to provide for his own safety.

"(2) The offender cannot or will not offer satisfactory evidence of his identity.

"(3) The offender refuses to sign the citation."

confidential sources and informants, and specific entries as to distribution of the fund. In analyzing such filed information, some of it would appear to be confidential and some would appear to be public. We conclude that that which may be considered in the latter category must be open to inspection pursuant to R.C. 149.43, and that which is in the former confidential category must be withheld, or redacted, from disclosure. The fact that excepted material is contained in a record that also contains material subject to disclosure does not relieve the agency of its duty to disclose the non-exempted material. *State, ex rel. Dispatch Printing Co.,* v. *Wells* (1985), 18 Ohio St. 3d 382, 18 OBR 437, 481 N.E. 2d 632. As we recently stated in *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland, supra,* at paragraph four of the syllabus:

"When a governmental body asserts that public records are excepted from disclosure and such assertion is challenged, the court must make an individualized scrutiny of the records in question. If the court finds that these records contain excepted information, this information must be redacted and any remaining information must be released."

As to the Furtherance of Justice Fund records involved herein, a portion of the files may contain names of confidential sources, witnesses, police tipsters and information sources which should be protected as confidential, both from the standpoint of the safety of the individuals involved and from the standpoint of maintaining a continued line of communication from these sources in order to aid the policy investigatory process. In *State, ex rel. Natl. Broadcasting Co., supra,* we made it clear that the burden of proving that a record falls within an exception to the Public Records Law is placed on the government.

Here, the court of appeals held that the Furtherance of Justice Fund file should be excepted in its entirety on the basis that it held some non-public information. In that we have concluded that any such record must be reviewed in its various component parts, this blanket holding of exception was error. This file is subject to being severed as to its public and non-public content. Since this was not done by the court of appeals, this matter will be remanded for such purpose.

Accordingly, we hereby reverse the court of appeals as to its decision regarding the arrest records and the intoxilyzer records and order that a writ of mandamus issue directing appellees to make these records available to Outlet for inspection. As to Furtherance of Justice Fund records, we hereby reverse the court of appeals, and remand this issue to the court of appeals for a determination of that portion of this particular file which may be public and therefore open for inspection, versus those portions which may be non-public and therefore confidential and not open for inspection pursuant to R.C. 149.43.

*Judgment reversed and cause remanded.*

MOYER, C.J., SWEENEY, LOCHER, DOUGLAS and WRIGHT, JJ., concur.

H. BROWN, J., not participating.