28

THE STATE, EX REL. THOMPSON NEWSPAPERS, INC., D.B.A. THE LANCASTER EAGLE GAZETTE, APPELLEE, v. MARTIN, JUDGE, ET AL., APPELLANTS.

[Cite as State, ex rel. Thompson Newspapers, Inc., v. Martin (1989), 47 Ohio St. 3d 28.]

(No. 88-2071—Submitted September 20, 1989—Decided November 22, 1989.)

*David L. Landefeld,* prosecuting attorney, for appellants.

*Lantz, Lantz & Lipp Co., L.P.A.,* and *Charles J. Lantz,* for appellee.

*Robert D. Horowitz,* prosecuting attorney, *Paul A. Mastriacovo* and *Ronald Mark Caldwell,* urging reversal for *amicus curiae,* Ohio Prosecuting Attorneys Association.

HOLMES, J. One issue in this case is whether documents containing allegations of criminal conduct become public records when they are submitted to a judge pursuant to the request to appoint a special prosecutor to investigate a matter. We are also asked to determine if documents containing allegations of criminal conduct become public records after a prosecutor decides not to formally charge a suspect. For the reasons which follow, we answer both questions in the negative and hold that the sealed document herein is not a public record.

The public records law, R.C. 149.43(B), requires requested public records to be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Also, under R.C. 149.43(A)(1), all records kept by a public office are available to the public, unless they fall within certain statutory exceptions. One such exception is "confidential law enforcement investi-gatory records" as defined in R.C. 149.43(A)(2), which provides in pertinent part:

" 'Confidential law enforcement investigatory record' means any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of any of the following:

"(a) The identity of a suspect who has not been charged with the offense to which the record pertains * * *."

Construing the application of the public records statute, we held in *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland* (1988), 38 Ohio St. 3d 79, 83, 526 N.E. 2d 786, 790, that "a governmental body refusing to release records has the burden of proving that the records are excepted from disclosure pursuant to R.C. 149.43."

In his first proposition of law, Judge Martin asserts that the sealed file, pertaining to the criminal investigation, is not a public record because it is a confidential law enforcement investigatory record the release of which might disclose the identity of a suspect who has not been charged with an offense. R.C. 149.43(A)(2)(a). The court of appeals determined that the file lost its confidential status when it was given to Judge Martin along with the request to appoint a special prosecutor.

In *State, ex rel. Outlet Communications, Inc.,* v. *Lancaster Police Dept.* (1988), 38 Ohio St. 3d 324, 328, 528 N.E. 2d 175, 178, we held that "[the public records] statute, by referring to 'suspects,' was intended to except documents that identified persons who were subject to ongoing investigations as to which no public action, such as an arrest or citation, had yet been taken." Reasonably there should be no distinc-

tion in determining the confidentiality of files of either the prosecutor or special prosecutor investigating anonymous allegations of criminal conduct. In both instances the suspect is still subject to an ongoing investigation. The file containing allegations of criminal conduct and the subsequent documentation comprise confidential law enforcement investigatory records which do not become public records merely because they are submitted to a trial court to provide the factual basis for obtaining the appointment of a special prosecutor.

In the case *sub judice,* the file submitted to the trial court contained the name of a local official who was the subject of an ongoing investigation in which no public action had been taken. The only purpose in handing over the file to the trial court was to show that a special prosecutor was needed in order to investigate the anonymous allegations of criminal conduct. The fact that the prosecutor sought the appointment òf a special prosecutor to investigate the matter did not change the status of the file as a confidential law enforcement investigatory record. Consequently, the file fell within the exception provided in the public records statute in R.C. 149.43(Å)(2).

Next, we address whether the file became a public record when the special prosecutor decided not to charge the suspect. The Gazette asserts that once a decision is made not to formally charge a person to whom a confidential law enforcement investigatory record pertains, that person is no longer the subject of an ongoing investigation, and, thus, is no longer a suspect. We disagree.

In *Outlet Communications, supra,* we explained that "[o]ne who has been arrested or given a citation, which is in lieu of arrest for a minor misdemeanor in Ohio as provided by statute, is more than just a suspect under investigation, at least for purposes of application of R.C. 149.43. * * * [E]ven though a person who has been arrested or given a citation * * * may subsequently not be prosecuted on such violation, it may be reasonably concluded that such person has been charged." *Id.* at 328, 528 N.E. 2d at 178-179. Furthermore, we held that for purposes of applying the public records statute, records which contained the names of persons charged with an offense were not confidential law enforcement investigatory records. *Id.* at 328, 528 N.E. 2d at 179. Therefore, in order for law enforcement records to be subject to disclosure we have required some action beyond the investigatory stage where suspects have either been arrested, cited, or otherwise charged with an offense.

Moreover, we recognize that one of the purposes for the public records exception in R.C. 142.43(A)(2) is to avoid the situation in which the release of confidential law enforcement investigatory records would subject a person to adverse publicity where he may otherwise never have been identified with the matter under investigation.

In the present case no action was taken by the special prosecutor beyond the investigatory stage. Rather, the special prosecutor decided not to file formal charges against the suspect. Just because formal charges were not filed in this instance does not change the status of the individual as a suspect. A possibility still exists that charges may be sought in the future. However, until such time, there is no reason why the suspect should be subjected to potential adverse publicity where he or she may otherwise have never been implicated in the investigation. Accordingly, we hold that the

decision not to file formal charges against the suspect did not take the record of the investigation outside the exception provided for confidential law enforcement investigatory records in R.C. 149.43(A)(2).

Finally, upon review of the investigatory process and the record, we find that the sealed record cannot be redacted since any portion of the document would tend to disclose the identity of the suspect. See *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland, supra,* at paragraph four of the syllabus.

Therefore, we hold that the court of appeals erred in granting the writ and ordering the sealed record opened for public inspection. The sealed record here is a confidential law enforcement investigatory record and is excepted from public disclosure. For the foregoing reasons, the judgment of the court of appeals is reversed.

*Judgment reversed and writ denied.*

MOYER, C.J., SWEENEY, H. BROWN and RESNICK, JJ., concur.

DOUGLAS and WRIGHT, JJ., concur in paragraph one of the syllabus and in the judgment.