THE STATE EX REL. MORELAND, APPELLANT,
*v.* CITY OF DAYTON ET AL., APPELLEES.

[Cite as *State ex rel. Moreland v. Dayton* (1993), 67 Ohio St.3d 129.]

(No. 92–2104—Submitted June 15, 1993—Decided August 11, 1993.)

130

*James Kura,* Ohio Public Defender, and *William S. Lazarow,* Assistant State Public Defender, for appellant.

*J. Anthony Sawyer,* Director of Law, and *Kenneth E. Barden,* Chief General Counsel, for appellee.

*Per Curiam.* We hold that an exemption for uncharged suspects in R.C. 149.43(A)(2)(a) is not lost by the passage of time or the lack of enforcement action. Thus, the exemption is not restricted to only current, uncharged suspects. Releasing such data could compromise the successful reopening of unsolved criminal cases, as well as the privacy rights of uncharged suspects. However, this exemption does not restrict the release of information about a suspect who has been arrested for the offense.

Admittedly, "Ohio law favors disclosure of public records." *Barton v. Shupe* (1988), 37 Ohio St.3d 308, 309, 525 N.E.2d 812, 813. "Law enforcement investigatory records must be disclosed unless they are excepted from disclosure by R.C. 149.43. * * * " *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1988), 38 Ohio St.3d 79, 526 N.E.2d 786, paragraph one of the syllabus. "A governmental body refusing to release records has the burden of proving that the records are excepted from disclosure by R.C. 149.43." *Natl. Broadcasting Co., supra,* at paragraph two of the syllabus.

However, R.C. 149.43(A)(2)(a) exempts from release "[t]he identity of a suspect who has not been charged with the offense to which the record pertains * * *." Thus, the names of suspects in a criminal investigation who were neither charged with nor arrested for an offense are specifically exempt from release under R.C. 149.43(A)(2)(a). See *State ex rel. Outlet Communications, Inc. v. Lancaster Police Dept.* (1988), 38 Ohio St.3d 324, 328, 528 N.E.2d 175, 178.

Moreover, the statute does not limit the exemption to "current" suspects or require an active, ongoing investigation. Nor does the statute express the concept that the passage of time or the lack of follow-up prosecution erodes that

statutory protection. In *State ex rel. Thompson Newspapers, Inc. v. Martin* (1989), 47 Ohio St.3d 28, 546 N.E.2d 939, at paragraph two of the syllabus, we held that a "prosecutor's decision not to file formal charges against a suspect does not take the record of the investigation outside the exception * * * in R.C. 149.43(A)(2) * * *." There, we stated:

"One of the purposes for the public records exception * * * is to avoid the situation in which the release of confidential law enforcement investigatory records would subject a person to adverse publicity where he may otherwise never have been identified with the matter under investigation." *Thompson Newspapers, supra,* at 30, 546 N.E.2d at 942. Accord *State ex rel. Polovischak v. Mayfield* (1990), 50 Ohio St.3d 51, 552 N.E.2d 635, syllabus.

Moreover, releasing information about uncharged suspects in inactive criminal investigations could compromise later efforts to reopen and solve those inactive cases. On occasion, police cannot secure enough evidence to convict a suspect until years after an investigation has been labeled "inactive."

Also, a rule requiring that uncharged suspects be current suspects would be difficult to apply. Time-consuming efforts would be required to find out if the uncharged suspects were "current" suspects. We believe the General Assembly rather than this court has the responsibility to place such conditions on this exemption.

The court of appeals correctly followed our prior decisions in *State ex rel. Polovischak v. Mayfield, supra,* and *State ex rel. Thompson Newspapers, Inc. v. Martin, supra.* Moreland has presented no compelling reasons why we should overrule those decisions, and we decline to do so.

However, in reviewing the records relating to the November 1, 1985 murders, the court of appeals apparently overlooked the fact that the police arrested suspect Eugene Ray Hagans on November 2, 1985 for attempted aggravated murder. That arrest took Hagans out of the exemption category in R.C. 149.43(A)(2)(a), a "suspect who has not been charged with the offense to which the records pertains * * *."

In *State ex rel. Outlet Communications, Inc. v. Lancaster Police Dept., supra,* 38 Ohio St.3d at 328, 528 N.E.2d at 178–179, we found that a person who had been arrested or given a citation " * * * is more than just a suspect under investigation, at least for purposes of application of R.C. 149.43. * * * [E]ven though [such] a person * * * may subsequently not be prosecuted on such violation, it may be reasonably concluded that such person *has been charged.*" (Emphasis added.)

Thus, we find that the court of appeals incorrectly applied R.C. 149.43(A)(2)(a) to exempt records relating to Hagans; he was not an "uncharged" suspect,

having been arrested in connection with the November 1, 1985 homicides. (See Index I, documents H, J, K [pages 2 and 3], O, P, Q, R, S, U, V, and W.) The court of appeals did correctly apply R.C. 149.43(A)(2)(a) to exempt investigative records as to the October 18, 1985 Russell homicide.

Accordingly, the judgment of the court of appeals is affirmed in part as to the disposition of investigative records on the October 18, 1985 Russell homicide. The judgment of the court of appeals is reversed in part and the cause is remanded to the court of appeals for release of additional records relating to the November 1, 1985 homicides consistent with this opinion.

*Judgment affirmed in part
and reversed in part.*

MOYER, C.J., A.W. SWEENEY, WRIGHT and PFEIFER, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent and would affirm the court of appeals' opinion in its entirety.

F.E. SWEENEY, J., dissents and would affirm.