## The STATE ex rel. SWEENEY

### v.

## CITY OF PARMA HEIGHTS.

[Cite as *State ex rel. Sweeney v. Parma Hts.* (1994), 93 Ohio App.3d 349.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65608.

Decided Feb. 28, 1994.

350

*Hudson & Hudson* and *Thomas S. Hudson,* for appellant.

*Stavole & Miller* and *Dwight Miller,* for appellee.

*Per Curiam.*

In October 1990, fire fighters for the respondent-appellee, the city of Parma Heights, complained about the smell of marijuana at the Parma Heights Police Station. As part of the ensuing investigation conducted by the Parma Heights Police Department, one fire fighter underwent a polygraph examination in January 1991. No evidence of misconduct was disclosed by the investigation, and it was completed without any charges being leveled against anyone.

Relator-appellant, James M. Sweeney, filed a petition for a writ of mandamus in the Court of Common Pleas of Cuyahoga County on November 16, 1992. Relator sought to receive, pursuant to R.C. 149.43, all of the investigatory materials compiled by respondent in connection with the investigation of drug use by members of the city's fire department.

The trial court, after conducting an *in camera* inspection of the respondent's investigatory materials, denied the writ in part. As a result, respondent was ordered to release to relator all of its records pertaining to the investigation, including the polygrapher's report which was redacted to conceal the polygraph subject's identity; however, the polygraph tracings were excluded from the order pursuant to R.C. 149.43(A)(2)(a).

It is the partial denial which compelled relator to file the instant appeal and to submit the following error for our review:

"The trial court erred in denying disclosure of polygraph reports on the basis that they would disclose the subject of the tests, where the respondent has previously publicly revealed both the fact of the test and the identity of the test subject."

Initially, relator is limited to arguing on appeal those arguments he presented to the trial court in support of his petition. See *First Fed. S. & L. Assn. of Akron v. Cheton & Rabe* (1989), 57 Ohio App.3d 137, 567 N.E.2d 298. We are thus unable to take into account relator's argument that respondent waived its right to keep confidential the polygraph test results by allowing the local newspapers to report the events. This court is also precluded from considering evidentiary materials not supplied to the trial court by relator in rendering our decision. See *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500; *Middletown v. Allen* (1989), 63 Ohio App.3d 443, 579 N.E.2d 254; App.R. 9(A); Loc.App.R. 4(A). We are, therefore, unable to confer any importance to the newspaper accounts of the events, since these articles were not furnished to the trial court.

The only issue before this court is whether the results of the polygraph test administered by respondent's police department fall within R.C. 149.43(A)(2). With regard to R.C. 149.43(A)(2), the Supreme Court of Ohio pronounced in *State ex rel. Polovischak v. Mayfield* (1990), 50 Ohio St.3d 51, 52, 552 N.E.2d 635, 636–637:

"To determine whether a record is exempt from public disclosure under R.C. 149.43, a two-step analysis is required. First, is the record a confidential law enforcement record? Second, would release of the record 'create a high probability of disclosure' of any one of four kinds of information specified in R.C. 149.43(A)(2)?"

R.C. 149.43(A) states in relevant part:

"(A) As used in this section:

"(1) 'Public record' means any record that is kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, except medical records, records pertaining to adoption, probation, and parole proceedings, records pertaining to actions under section 2151.85 of the Revised Code and to appeals of actions arising under that section, records listed in division (A) of section 3107.42 of the Revised Code, trial preparation records, confidential law enforcement investigatory records, and records the release of which is prohibited by state or federal law.

"(2) 'Confidential law enforcement investigatory record' means any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of any of the following:

"(a) The identity of a suspect who has not been charged with the offense to which the record pertains, or of an information source or witness to whom confidentiality has been reasonably promised[.]"

R.C. 149.43(B) makes it clear that "public records" are to be made available to any person except as restricted by R.C. 149.43(A). However, a governmental body which refuses to release records has the burden of proving that the records are excepted from disclosure with exceptions being strictly construed against the custodian of the records. *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1988), 38 Ohio St.3d 79, 526 N.E.2d 786; see, also, *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 498, 589 N.E.2d 24; *State ex rel. Multimedia, Inc. v. Whalen* (1990), 48 Ohio St.3d 41, 549 N.E.2d 167.

As stated above, R.C. 149.43(A)(2)(a) exempts from release "[t]he identity of a suspect who has not been charged with the offense to which the record pertains * * *." Records which contain the names of suspects in a criminal investigation who were neither charged with nor arrested for an offense are thus specifically exempted from release under R.C. 149.43(A)(2)(a). *State ex rel. Moreland v. Dayton* (1993), 67 Ohio St.3d 129, 130, 616 N.E.2d 234, 235–236; see *State ex rel. Outlet Communications, Inc. v. Lancaster Police Dept.* (1988), 38 Ohio St.3d 324, 328, 528 N.E.2d 175, 178–179.

This statutory protection is not diminished where there is neither a current investigation or suspect nor where there has been a passage of time or a lack of follow-up investigation. *Moreland, supra,* 67 Ohio St.3d at 130–131, 616 N.E.2d at 235–236. A prosecutor's decision to not institute charges against a

suspect does not take the investigation record outside the scope of the exception, *State ex rel. Thompson Newspapers, Inc. v. Martin* (1989), 47 Ohio St.3d 28, 546 N.E.2d 939, paragraph two of the syllabus, and it is not restricted to only current, uncharged suspects, *Moreland, supra,* 67 Ohio St.3d at 130, 616 N.E.2d at 235–236.

As the Supreme Court of Ohio stated in *Thompson Newspapers, Inc.:*

"[O]ne of the purposes for the public records exception * * * is to avoid the situation in which the release of confidential law enforcement investigatory records would subject a person to adverse publicity where he may otherwise never have been identified with the matter under investigation." *Thompson Newspapers, Inc., supra,* 47 Ohio St.3d at 30, 546 N.E.2d at 942; accord *Polovischak,* syllabus.

Applying R.C. 149.43(A)(2)(a) and the concomitant applicable law to the instant case, this court finds that the trial court correctly denied relator access to those records sought to be released by him. Relator's assignment of error is accordingly overruled.

*Judgment affirmed.*

HARPER, P.J., KRUPANSKY and NUGENT, JJ., concur.