[Cite as *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*, 126 Ohio St.3d 224, 2010-Ohio-3288.]

THE STATE EX REL. ROCKER, APPELLANT, *v.* GUERNSEY COUNTY

SHERIFF'S OFFICE, APPELLEE.

[Cite as *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*,

**126 Ohio St.3d 224, 2010-Ohio-3288.]**

*Public Records Act — Liberal construction in favor of broad access — Burden to*
*establish applicability of exceptions not met — Some parts of the record*
*are not inextricably intertwined with the suspect's protected identity —*
*Judgment reversed and cause remanded.*

(No. 2010-0057 — Submitted June 9, 2010 — Decided July 20, 2010.)

APPEAL from the Court of Appeals for Guernsey County,

No. 09-CA-4, 2009-Ohio-6336.

————————————

**Per Curiam.**

**{¶ 1}** This is an appeal from a judgment entered by the Court of Appeals for Guernsey County denying the request of appellant, Beth Rocker, for a writ of mandamus to compel appellee, the Guernsey County Sheriff's Office, to release investigative records relating to a priest who had been investigated for criminal sexual conduct between 1980 and 1992. Rocker claims to have been one of his victims. Because the court of appeals erred in holding that all of the withheld records were exempt from disclosure under the R.C. 149.43(A)(2)(a) uncharged-suspect exception to the Ohio Public Records Act, we reverse the judgment and remand the cause for further proceedings consistent with this opinion.

**Facts**

**{¶ 2}** In January 2008, Rocker reported to the sheriff's office that she had been sexually assaulted in the early 1990s, when she was a child. Rocker claimed that the priest of the church she had attended as a child was the

perpetrator of the crime. The matter was submitted to a grand jury, but no indictment was returned.

**{¶ 3}** On October 1, 2008, after the investigation had concluded, Rocker, through counsel, made a public-records request "for the entire contents of the investigative file and any documents reviewed during or related to the investigation." The sheriff's office provided Rocker with a copy of the incident report, but denied her access to the remaining investigative records.

**{¶ 4}** A few months later, Rocker filed a complaint in the Court of Appeals for Guernsey County for a writ of mandamus to compel the sheriff's office to provide her with access to "all documents reviewed during, related to, or prepared concerning the criminal investigation" of the suspect. After the sheriff's office filed a response, the court ordered the office to submit copies of all the requested records under seal for an in camera inspection. Pursuant to the court's order, the parties submitted briefs on whether the various categories of investigative records withheld by the sheriff's office are disclosable under the Public Records Act, R.C. 149.43.

**{¶ 5}** On December 2, 2009, the court of appeals denied the writ.

### Legal Analysis

**{¶ 6}** "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1). We construe the Public Records Act liberally in favor of broad access and resolve any doubt in favor of disclosure of public records. *State ex rel. Perrea v. Cincinnati Pub. Schools*, 123 Ohio St.3d 410, 2009-Ohio-4762, 916 N.E.2d 1049, ¶ 13.

**{¶ 7}** "Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A

2

custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception." *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus.

{¶ 8} The sheriff's office claimed, and the court of appeals determined, that the remaining requested records are exempt from disclosure as confidential law-enforcement investigatory records under R.C. 149.43(A)(1)(h) and (2). "The applicability of the R.C. 149.43(A)(2) confidential-law-enforcement-investigatory-record exemption requires, first, that the records pertain to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, and, second, that the release of the records would create a high probability of disclosure of any of the four types of information specified in R.C. 149.43(A)(2)." *State ex rel. Ohio Patrolmen's Benevolent Assn. v. Mentor* (2000), 89 Ohio St.3d 440, 444, 732 N.E.2d 969.

{¶ 9} The sheriff's office established the first requirement for the exemption because the records pertain to a law-enforcement matter of a criminal nature. Id. at 445. The investigative records were generated by claims of alleged sexual misconduct by a priest.

{¶ 10} For the second requirement, the court of appeals held that the release of the investigative records would probably reveal the identity of an uncharged suspect under R.C. 149.43(A)(2)(a). The claimed perpetrator of the sexual assault is an uncharged suspect because he has never been charged with a criminal offense. See *State ex rel. Musial v. N. Olmsted*, 106 Ohio St.3d 459, 2005-Ohio-5521, 835 N.E.2d 1243, ¶ 25 (suspect investigated by police department was an uncharged suspect for purposes of exemption because the grand jury issued a no bill instead of an indictment). "The uncharged suspect exception applies despite the passage of time, the lack of enforcement action, or a prosecutor's decision not to file formal charges." *State ex rel. Master v.*

*Cleveland* (1996), 75 Ohio St.3d 23, 30, 661 N.E.2d 180. Public knowledge of the accused and the alleged criminal conduct also does not preclude application of the exemption "because release of the records would subject suspects to additional adverse publicity and might compromise subsequent efforts to resolve the matter." *Ohio Patrolmen's Benevolent Assn.*, 89 Ohio St.3d at 447, 732 N.E.2d 969.

{¶ 11} Nevertheless, this exception applies only to those portions of records that, if released, would create a high probability of disclosure of the suspect's identity. We have held that records are exempt under the uncharged-suspect exception when "the protected identities of uncharged suspects are inextricably intertwined with the investigatory records." *State ex rel. Master v. Cleveland* (1996), 76 Ohio St.3d 340, 342, 667 N.E.2d 974.

{¶ 12} The court of appeals determined, in effect, that every part of the requested records was inextricably intertwined with the identity of the priest accused of sexual assault and that the records were thus not subject to disclosure under R.C. 149.43.

{¶ 13} Rocker argues on appeal that the court of appeals "seems to have bypassed a thorough analysis of the nature of each document, and instead focused on references within them to [the suspect]." The sheriff's office, citing *Master*, 76 Ohio St.3d 340, 667 N.E.2d 974, contends that the court of appeals acted correctly in refusing to compel the disclosure of any part of the withheld investigative records because the suspect's identity is inextricably intertwined with all of the records.

{¶ 14} We have reviewed the sealed records and conclude that some of the withheld records are subject to disclosure under the Public Records Act because they are not inextricably intertwined with the suspect's protected identity. For most of these records, if the sheriff's office redacts the priest's name, the name, location, and diocese of the church where he worked, and other specific

identifying information, the disclosure of the records will not create a high probability of disclosure of the priest's identity. For example, after the priest's name and specific identifying information are redacted, the call record does not disclose the priest's identity. Notably, in *Master*, 76 Ohio St.3d at 342, 667 N.E.2d 974, *Ohio Patrolmen's Benevolent Assn.*, 89 Ohio St.3d at 448, 732 N.E.2d 969, and *Musial*, 106 Ohio St.3d 459, 2005-Ohio-5521, 835 N.E.2d 1243, at ¶ 29, we did not hold that the claimed uncharged-suspect exemption applied to *all* the requested records.

{¶ 15} Therefore, the court of appeals erred in concluding that all the withheld investigative records were covered by a blanket uncharged-suspect exemption.

### Conclusion

{¶ 16} Based on our independent review of the sealed investigative records, we reverse the judgment of the court of appeals and remand the cause so that the court can review the sealed records and order the disclosure of those records following the redaction of those portions of the record that are subject to the uncharged-suspect exemption, e.g., the priest's name, his address, the name, location, and diocese of the church where he worked, and other specific, identifying information. By so holding, we adhere to our strict construction of exceptions to the Public Records Act as well as our duty to resolve any doubt in favor of access to public records.

Judgment reversed

and cause remanded.

BROWN, C.J., and PFEIFER, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., dissent.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 17} Because I believe that this case represents a weakening of the uncharged suspect exception to the Public Records Act, R.C. 149.43(A)(2)(a), and, correspondingly, makes it more difficult for trial courts to determine which parts of particular records are exempt from disclosure, I respectfully dissent from the majority's decision to reverse the judgment of the court of appeals.

{¶ 18} First, under the uncharged suspect exception to the Public Records Act, I believe that the requested sealed investigative records should be excluded from disclosure in their entirety because the documents are "inextricably intertwined" with records whose release would result in a "high probability" of disclosure of the suspect's identity. Although it is true that the Public Records Act is liberally construed in favor of broad access to public records, I believe that disclosure of the sealed records in question would create a "high probability" of disclosure of the suspect's identity.

{¶ 19} The majority's decision to attempt to redact the suspect's name, address, and place and dates of employment creates a new standard that is not only onerous to trial courts but, as in this case, as a practical matter, is unworkable. The reality is that just redacting the uncharged suspect's name, place of employment, dates he or she worked for the organization, and other specific identifying information will not prevent the high probability of disclosure of the uncharged suspect's identity in a less populous county such as the one in this case, where the suspect involved may be the only person in the county during the time in question to have held the position of leadership that he or she held and may have been employed at the only organization of its kind in that county.

{¶ 20} "[O]ne of the purposes for the public records exception * * * is to avoid the situation in which the release of confidential law enforcement investigatory records would subject a person to adverse publicity where he may otherwise never have been identified with the matter under investigation." *State ex rel. Thompson Newspapers, Inc. v. Martin* (1989), 47 Ohio St.3d 28, 30, 546

N.E.2d 939.  Accord *State ex rel. Polovischak v. Mayfield* (1990), 50 Ohio St.3d 51, 552 N.E.2d 635, syllabus; *State ex rel. Moreland v. Dayton* (1993), 67 Ohio St.3d 129, 131, 616 N.E.2d 234.  Moreover, as the court of appeals noted, "[t]he uncharged-suspect exemption may still apply even though the accusation of criminal conduct is already public knowledge," *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*, Guernsey App. No. 09-CA-4, 2009-Ohio-6336, at ¶ 14, citing *State ex rel. Master v. Cleveland* (1996), 76 Ohio St.3d 340, 342, 667 N.E.2d 974, and *State ex rel. Ohio Patrolmen's Benevolent Assn. v. Mentor* (2000), 89 Ohio St.3d 440, 446-447, 732 N.E.2d 969.

{¶ 21} As for the jeopardy to law enforcement, this court has held in *State ex rel. Master v. Cleveland*, 76 Ohio St.3d at 343, 667 N.E.2d 974, that another of the exception's purposes is to "prevent compromising subsequent efforts to reopen and solve inactive cases."  Releasing information about uncharged suspects in inactive criminal investigations could compromise later efforts to reopen and solve those inactive cases.  On occasion, police cannot secure enough evidence to convict a suspect until years after the initial investigation was opened.  See *State ex rel. Moreland v. Dayton*, 67 Ohio St.3d at 131, 616 N.E.2d 234. The statute of limitations has not yet run on this investigation.   See R.C. 2901.13(A)(3).  Disclosure of these records might interfere with law enforcement efforts to further investigate this matter.

{¶ 22} Second, I would find that the requested records are exempt from disclosure under the specific confidential investigatory techniques or procedures or specific investigatory work product exception to the Public Records Act.  See R.C. 149.43(A)(2)(c).  In my view, this court's decision in *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, is relevant to this analysis. In *Steckman*, we held that "except as required by Crim.R. 16, information assembled by law enforcement officials in connection with a probable or pending criminal proceeding is, by the work product exception found in R.C.

149.43(A)(2)(c), excepted from required release as said information is compiled in anticipation of litigation." Id. at 435.

**{¶ 23}** For the reasons outlined above, I dissent from the majority's decision to reverse the judgment of the court of appeals and remand the cause. The court of appeals has already reviewed the disputed sealed documents and found them to be confidential law enforcement investigatory records, each of which is exempt from disclosure, concluding that release of the disputed records would "undoubtedly reveal the identity of the uncharged suspect." *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*, 2009-Ohio-6336, at ¶ 16. As the court noted, "[n]ot only do most of the records reveal the name of the suspect, they also reveal facts unique to him which would have a high probability of revealing his identity." Id. Despite the majority's attempt to redact some of this identifying information, I continue to believe that the release of these documents will create a high probability of revealing the uncharged suspect's identity.

**{¶ 24}** Absent an abuse of discretion, we should not second-guess these findings and substitute our own opinion for that of the lower courts. The court below followed our case law. Some on this court merely disagree with the factual conclusions. I believe that the uncharged suspect's identity is "inextricably intertwined" with the investigatory records requested, such that redaction is an insufficient safeguard against disclosure. Therefore, I would affirm.

O'DONNELL, J., concurs in the foregoing opinion.

_____

Kircher, Arnold & Dame, L.L.C., Konrad Kircher, and Michael F. Arnold, for appellant.

Daniel G. Padden, Guernsey County Prosecuting Attorney, for appellee.

_____