## In re SEARCH WARRANT NO. 5077/91.

[Cite as *In re Search Warrant No. 5077/91* (1994), 96 Ohio App.3d 737.]

Court of Appeals of Ohio,
Franklin County.

No. 94APC01–17.

Decided Sept. 6, 1994.

738

*Vorys, Sater, Seymour & Pease, James E. Phillips* and *Paul J. Coval,* for appellee.

*Lee Fisher,* Attorney General, *Denise S. Golonka* and *John P. Gripshover,* Assistant Attorneys General, for appellant.

PEGGY BRYANT, Judge.

Respondent-appellant, state of Ohio, appeals from the judgment of the Franklin County Municipal Court unsealing a search warrant affidavit which the Ohio Attorney General, Division of Medicaid Fraud Control ("DMFC"), filed in the trial court as part of its criminal investigation of petitioner-appellee, Kessco, Inc. ("Kessco").

On April 23, 1991, DMFC applied for and the trial court granted a search warrant for Kessco's pharmacy, located in Columbus, Ohio. In support of its warrant application, DMFC filed with the court an affidavit of DMFC special

agent, Beth Harding, detailing the basis for DMFC's belief that evidence of criminal activity was located on Kessco's premises. In addition, the affidavit identified the informant upon whom DMFC was relying for much of its information regarding appellee's alleged criminal activity. DMFC requested that the municipal court seal the affidavit on the grounds that "disclosure of the facts contained in the affidavit * * * would be detrimental to the criminal investigation * * *." By an entry dated April 23, 1991, the municipal court ordered that the affidavit "be sealed for 30 days from this date, or until an arrest is made in the investigation of Kessco, Inc./Dane Drug # 7, which occurred on April 23, 1991, whichever is sooner, or upon further order of the Court." [1]

On May 26, 1992, DMFC concluded its investigation of appellee and the case was resolved pursuant to a settlement agreement. Appellee's principal, Leon D. Kessel, was never arrested, and in the settlement documents he explicitly denied any wrongdoing.

On June 8, 1993, appellee filed a motion in the Franklin County Municipal Court seeking to have the affidavit unsealed. Following a protracted hearing on the matter, the municipal court granted appellee's motion to unseal the affidavit and in addition ordered "the state of Ohio to provide petitioner with a [complete] copy of the search warrant affidavit * * *." The state appeals, assigning the following errors:

"I. The municipal court erred when it ignored unrebutted evidence that the sealed search warrant affidavit was a confidential law enforcement investigatory record and failed to make a determination as to whether the sealed redacted portions of the search warrant affidavit fell within the confidential law investigatory record exception to the Public Records Act (R.C. 149.43[A][2] ).

"II. The municipal court erred in its application of R.C. 149.43 by improperly weighing Kessco, Inc.'s unsupported arguments of business interest with the state's, society's, and the informant's interests in maintaining the confidentiality of information falling within the confidential law enforcement investigatory record exception.

"III. The municipal court abused its discretion when it held that Kessco, Inc.'s business interests, which were entirely unsupported by any evidence in the record, outweighed the state's interest in maintaining the confidentiality of the informant's identity because of the informant's fear of retaliation."

---

1. On April 24, 1991, DMFC applied for and was granted a second search warrant for appellee's premises by the Franklin County Municipal Court. In support of this warrant application, DMFC filed an affidavit identical to that filed in support of the first warrant. DMFC also requested that the warrant be sealed, and the court apparently granted the request. However, that affidavit is not at issue in the current action.

■ Prior to reaching the merits of the state's assignments of errors, we must address the procedural posture of this case. Both parties discuss the state's assignments of error in the context of a public records request under R.C. 149.43, which establishes a statutory right of access to "public records" and sets forth the procedures for exercising that right. See *Miller v. Myers* (Apr. 6, 1994), Wayne App. No. 2800-W, unreported, 1994 WL 119029.

Under the provisions of R.C. 149.43, a person wishing to obtain "public records" initially is to request copies of the desired records from the "person responsible" for the records. If the "person responsible" fails to make the requested records available, a mandamus action may be commenced to obtain a judgment ordering disclosure of the "public records" requested. R.C. 149.43.

■ Here, DMFC relinquished control over the affidavit in question when it filed the document with the clerk of the Franklin County Municipal Court. Pursuant to R.C. 1901.31(E) and 1901.30(B), the clerk of a municipal court is charged with the duty to oversee and keep all documents used by the municipal court in its decisionmaking capacity. *State ex rel. Mothers Against Drunk Drivers v. Gosser* (1985), 20 Ohio St.3d 30, 33, 20 OBR 279, 281, 485 N.E.2d 706, 709. "When statutes impose a duty on a particular official to oversee records, that official is the 'person responsible' under R.C. 149.43(B)." *Id.* at paragraph two of the syllabus. Thus, upon the affidavit being filed with the clerk for the Franklin County Municipal Court, the clerk became the "person responsible" for the record under R.C. 149.43.

Accordingly, under the provisions of R.C. 149.43, Kessco could request a copy of the affidavit from the clerk of the Franklin County Municipal Court and, if the clerk refused to make the requested document available for copying, it could bring a mandamus action in the appropriate court. Instead, Kessco filed a motion in the municipal court seeking to have the affidavit in question unsealed,[2] apparently on the prudent assumption that the clerk would defer to the court's sealing order until that order was formally lifted. Thus, the issue raised by the state's three assignments of error, which we address jointly, is not whether the affidavit is subject to a public records disclosure under R.C. 149.43, as no request under R.C. 149.43 has yet been made. Rather, the issue is whether the municipal court erred in unsealing the search warrant affidavit.

---

2. Even if we were to assume that appellee did make a request of the clerk of the Franklin County Municipal Court to copy the affidavit, which the clerk denied, appellee's motion to unseal the affidavit cannot be treated as an action for mandamus, as the municipal court is without jurisdiction to hear such an action. See R.C. 149.43(C); compare *Miller v. Myers, supra* (wherein a motion filed in the common pleas court was treated as a mandamus action).

■ The municipal court's decision to unseal the affidavit sealed by its previous order is a matter of judicial discretion. See *Nixon v. Warner Communications, Inc.* (1978), 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570, 579. Accordingly, the court's decision may be reversed only upon a finding that the court abused its discretion. An abuse of discretion connotes more than an error in judgment; it implies that the court's decision is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142; *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 11 OBR 242, 463 N.E.2d 1280.

■ In granting Kessco's motion to unseal the affidavit, the trial court balanced the state's interest in keeping the affidavit sealed against Kessco's interest in obtaining the information contained therein. It concluded that "any interest the state would have in this matter has ended," since the sole reason DMFC advanced in its request to seal the affidavit was that disclosure would be detrimental to the ongoing criminal investigation of Kessco. The trial court's conclusion being reasonable, we are unable to say that the trial court abused its discretion in so determining. Indeed, although the practical effect of the court's order may be to give Kessco access to the affidavit in the office of the municipal court clerk, the affidavit was in fact legally unsealed thirty days after the date of the order sealing it, given the express terms of that order.

DMFC, however, asserts that even if the trial court's determination does not run afoul of R.C. 149.43, the informant's identity, revealed in the affidavit, must be held confidential under the rationale of *State v. Williams* (1983), 4 Ohio St.3d 74, 4 OBR 196, 446 N.E.2d 779. *Williams* recognized the need to protect the identity of a confidential informant at trial if the defendant's right to confrontation and cross-examination could also be protected through examination of others present at the incident in question.

The rationale of *Williams* rarely, if ever, arises in the context of a search warrant affidavit, as affidavits filed by law enforcement personnel generally do not disclose the identity of confidential informants; other indicia of reliability usually eliminate the need to disclose the informant's identity. Moreover, unlike *Williams*, the state's contentions relate to documents in the possession of a clerk, not testimonial evidence to be presented at trial by an informant known only to law enforcement. Finally, and perhaps most significantly, the present case involves the state's own disclosure of the identity of the informant, since the order preserving his or her confidentiality under seal was effective for only thirty days. Given the factual dissimilarity between *Williams* and the present case, the rationale of *Williams* is inapplicable.

Whether the state, having relinquished control of the document containing the informant's identity, can use R.C. 149.43 to prevent a "person responsible" from

releasing a document it otherwise is willing to produce, even if the document is not a "public record" due to an exception contained in R.C. 149.43, is an issue we need not reach; nor do we need to address the alternate issue of whether the affidavit must be produced pursuant to R.C. 149.43 if the "person responsible" is unwilling to do so, as no such request has been made. Instead, we find only that the trial court did not abuse its discretion in unsealing the affidavit, especially in light of the specific language of the sealing order.

However, we are compelled to note that while the municipal court had the authority to order the affidavit filed with the municipal court clerk unsealed, the court was without any authority to order the state to take any action with respect to the affidavit. A municipal court is without subject-matter jurisdiction to issue a writ of mandamus compelling the disclosure of "public records" pursuant to R.C. 149.43. R.C. 149.43(C). Therefore, that portion of the trial court's entry ordering the state "to provide petitioner with a copy of the search warrant affidavit which discloses the previously redacted sections" is vacated. Should the clerk, upon Kessco's request, refuse to grant Kessco's access to the affidavit despite its unsealing, appellee may bring a mandamus action in the appropriate court to compel disclosure of that portion of the affidavit constituting a "public record."

Given the foregoing, the state's three assignments of error are overruled, and the judgment of the trial court is affirmed, as modified, to the extent indicated herein.

*Judgment affirmed as modified.*

JOHN C. YOUNG and MAHONEY, JJ., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.