[Cite as *State v. Vanzandt*, 2013-Ohio-2290.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :           APPEAL NO. C-130079
                                                    TRIAL NO. B-1200737-B
    Plaintiff-Appellee,            :
                                                    *O P I N I O N.*
  vs.                                  :

TERRELL VANZANDT, f.k.a.               :
TERRELL ASBERRY,
                                       :
    Defendant-Appellant.

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  June 5, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*A. Brian McIntosh*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}    This case presents a question of first impression:  may a trial court that has issued an order sealing a criminal defendant's record of acquittal later unseal the record to allow for the criminal prosecution of the defendant?  The defendant argues that the trial court erred in unsealing his record of acquittal because the court lacked explicit statutory authority to do so.  We disagree.  We conclude that a court possesses inherent authority to unseal records that have been sealed, and may exercise that authority in unusual and exceptional cases.  We further conclude that under the facts before us, the trial court did not abuse its discretion in unsealing the defendant's records.

I.

{¶2}    Terrell Vanzandt was indicted on three counts of trafficking in drugs and one count of aggravated trafficking.  A jury acquitted Mr. Vanzandt of all charges.  Shortly thereafter, Mr. Vanzandt moved to seal the record of his acquittal pursuant to R.C. 2953.52.  With no objection from the state, the trial court granted the motion to seal.

{¶3}    Three months after the case had been sealed, the state moved to unseal the case.  The state alleged that Mr. Vanzandt had retaliated against the confidential informant just three days after his case was sealed.  The state argued that it needed to use the trafficking case as evidence to prove its case of witness retaliation.  Following a hearing, the trial court granted the motion to unseal for the limited purpose of use by the state in the retaliation case.  The court's order provides:

> The defendant is currently facing a retaliation charge in case no. B-1206778.  That charge springs forth from this case.  Because evidence

of this case is crucial to the state's case, the court grants the motion to unseal. The state of Ohio shall be permitted to use the records of this case in case no. B-1206778 and may introduce them as evidence. The records shall otherwise remain sealed.

II.

{¶4}    In his sole assignment of error, Mr. Vanzandt asserts that the trial court erred when it unsealed the records because it lacked statutory authority to do so.

{¶5}    R.C. 2953.52 sets forth procedures under which a person who has been found not guilty or has had charges against him dismissed may have the case records sealed. The statutory scheme provides that such "sealed official records * * * shall not be available to any person" except (1) to the person who is the subject of the record and anyone designated by that person, (2) to a law enforcement official defending himself in a civil suit arising out of the case, and (3) to the prosecutor in certain circumstances to determine eligibility for a pretrial diversion program. R.C. 2953.53(D). Ohio has a separate statutory framework that governs the sealing or expungement of records of convictions, and access to such records. *See* R.C. 2953.31-2953.36.

{¶6}    There is nothing in the statutory scheme that addresses the question of whether, in a case like ours, a trial court that has sealed records retains the power to unseal the records and to allow their use outside the confines set forth in R.C. 2953.53(D). To answer this question, it is helpful to trace the sources of a court's authority to seal its records.

{¶7}    There is a strong presumption of a public right of access to court records, but it also has been long understood that a court has "supervisory power

over its own records and files[.]" *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). *See State ex rel. Cincinnati Enquirer v. Winkler*, 149 Ohio App.3d 350, 2002-Ohio-4803, 777 N.E.2d 320, ¶ 15 (1st Dist.); *In re Search Warrant No. 5077/91*, 96 Ohio App.3d 737, 645 N.E.2d 1304 (10th Dist.1994).

{¶8} The power to seal a record of acquittal does not flow solely from R.C. 2953.52. Prior to the statute's enactment, the Ohio Supreme Court recognized a judicial power to order the expungement and sealing of records where charges were dismissed prior to trial. *Pepper Pike v. Doe*, 66 Ohio St.2d 374, 421 N.E.2d 1303 (1981). In *Pepper Pike*, the defendant sought to seal the record of an assault case that had been filed against her based on allegations of her ex-husband and his wife. *Id.* at 377. The charges—which the Supreme Court characterized as "a vindictive tool to harass appellant"—had been dismissed with prejudice at the request of the prosecuting witness prior to trial. *Id.* at 377 and paragraph one of the syllabus. The trial court concluded that it did not have authority to seal the record of the case because the only statutory mechanism in place at the time, R.C. 2953.32, provided only for the sealing of records of convictions.

{¶9} While acknowledging that R.C. 2953.32 only provided for the sealing and expungement of convictions, the Supreme Court held that the lack of a similar statutory scheme for dismissed charges did not mean that a court lacked the authority to seal such records in appropriate circumstances. *Id.* at 376-77. To the contrary, "even absent statutory authorization," trial courts retain the authority "to order expungement where such unusual and exceptional circumstances make it appropriate to exercise jurisdiction over the matter." *Id.* at 376 and paragraph two of the syllabus. The court cautioned that an order of expungement did not "obliterate"

4

the criminal record. Rather, as with conviction expungements under R.C. 2953.32, "the government, even after expungement, is entitled to retain the record of appellant's arrest in its appropriate files. It will remain an historical event, available for use in legitimate criminal investigations, and as the appellant may direct." *Id.* at 378.

{¶10}   Three years after *Pepper Pike*, the legislature enacted a statutory means, R.C. 2953.51 through 2953.56, by which a defendant could move to seal the record of his case following an acquittal or a dismissal. Since the enactment of the statutes, courts have recognized that in areas not addressed by the legislation there continues to exist a judicial power to seal records in unusual and exceptional cases. For example, it has been held that despite a lack of statutory authorization, a court has the authority to grant judicial expungement where an executive pardon is at issue. *State v. Boykin*, 9th Dist. Nos. 25752 and 25845, 2012-Ohio-1381. It also has been held that a court may seal children services records as part of a criminal case where a no bill has been issued even though the statute specifically excludes children services records from "official records" that are subject to statutory expungement. *See In re Application to Seal Record of No Bill*, 131 Ohio App.3d 399, 722 N.E.2d 602 (3d Dist.1999). Likewise, at least one court has authorized the sealing of an arrest record where no charges were ever filed. *Bound v. Biscotti*, 76 Ohio Misc.2d 6, 663 N.E.2d 1376 (M.C.1995). Courts that have found such judicial authority to exist have been careful to note its limited scope. It has been said that "although the judicial expungement power to grant an expungement still exists * * * it is limited to cases where the accused has been acquitted or exonerated in some way and protection of the accused's privacy interests is paramount to prevent injustice."

5

*State v. Chiaverini*, 6th Dist. No. L-000-1305, 2001 Ohio App. LEXIS 1190, *4 (Mar. 16, 2001).

{¶11}   It does not appear that any other Ohio appellate courts have been confronted with the issue of whether this inherent and limited judicial authority to seal records also extends to the power to unseal.  Certainly, however, the existence of extra-statutory authority to seal a case suggests the existence of extra-statutory authority to unseal a case as well.

{¶12}   Further, there is nothing in the statutory scheme that is inconsistent with a judicial power to grant access to sealed cases.  R.C. 2953.53(D) provides a mandatory duty to allow access for the individuals identified therein.  *See Akron v. Frazier*, 142 Ohio App.3d 718, 756 N.E.2d 1258 (9th Dist.2001).  The statute does not even require intervention by the court for individuals given access under R.C. 2953.53(D).  We do not believe that in providing that certain people are entitled to automatic access, the legislature meant to preclude the courts from granting access to others on a discretionary basis in the appropriate circumstances.  Allowing a court to grant access on a discretionary basis upon a proper showing is perfectly consistent with a statute that allows a certain narrow category of people to view sealed records as a matter of right.

{¶13}   Thus, in light of the court's supervisory power over its own records and the nonexclusive nature of the statute providing for access to sealed records, we conclude that within the court's power to seal its records is a concomitant power to unseal such records in appropriate circumstances.

III.

{¶14}   This power to unseal must not be exercised lightly.  We presume that a court that has issued an order sealing a record has carefully balanced the privacy

interests of the individual and the legitimate needs of the state (including the public's presumptive right of access to judicial records) and has determined that these interests weigh in favor of sealing the record. *See State ex rel. Cincinnati Enquirer*, 149 Ohio App.3d 350, 2002-Ohio-4803, 777 N.E.2d 320, at ¶ 30. Further, individuals whose records have been sealed necessarily rely upon the limitations on access to those records and have a right to expect that individuals beyond those set forth in R.C. 2953.53(D) will not ordinarily be able to obtain their records. Thus, we hold that in considering a request to exercise judicial authority to unseal records that have been sealed, a court should be guided by the Ohio Supreme Court's admonition in *Pepper Pike*, and only exercise such authority in "unusual and exceptional circumstances."

{¶15} We consider next whether the trial court properly exercised its power in this case. A trial court's decision to seal a record is reviewed for an abuse of discretion, and we believe it also appropriate to review a decision to allow access to a sealed record under the same standard. *State v. Moore*, 5th Dist. No. 2012CA00047, 2012-Ohio-4483, ¶ 16.

{¶16} In *Pepper Pike*, the court provided guidance for the analysis that a court should perform before sealing a record. "When exercising these powers, the trial court should use a balancing test, which weighs the interest of the accused in his good name and right to be free from unwarranted punishment against the legitimate need of government to maintain records." *Pepper Pike*, 66 Ohio St.2d at 377, 421 N.E.2d 1303. A similar balancing should occur when a court considers a governmental request to unseal a record.

{¶17} Here, Mr. Vanzandt is not trying to save "his good name"; he is trying to save his skin. As acknowledged in his appellate brief, Mr. Vanzandt's

contention is that his trafficking case should remain under seal to prevent prosecution for witness retaliation. The state's interest in prosecuting the alleged crime, however, far outweighs Mr. Vanzandt's interest in avoiding prosecution.

{¶18} Another factor that weighs in favor of the trial court's decision is that this is not a case where a record has long been sealed and a party has relied upon the contents of the record remaining private. Here, the alleged witness retaliation occurred just three days after the order sealing the records, and the state's request to unseal came three months later.

{¶19} It is also significant that the trial court's order was narrowly tailored. Here the court did not issue a blanket order unsealing the records for all purposes, but issued a limited order allowing use of the record only in the retaliation case against Mr. Vanzandt.

{¶20} Considering the foregoing, we conclude that this case is one of the "unusual and exceptional" cases in which the power to unseal records properly could be exercised. The trial court did not abuse its discretion in unsealing the record of Mr. Vanzandt's acquittal. The sole assignment of error is overruled, and we affirm the judgment of the trial court.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **DINKELACKER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.