[Cite as *Carter v. Gestalt Inst. of Cleveland, Inc.*, 2013-Ohio-5748.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   99738

# JOHN D. CARTER

PLAINTIFF-APPELLANT

vs.

# GESTALT INSTITUTE OF CLEVELAND, INC.

DEFENDANT-APPELLEE

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-729382

**BEFORE:**    Boyle, P.J., Jones, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**    December 26, 2013

**ATTORNEYS FOR APPELLANT**

Stephen S. Ellsesser
Timothy N. Toma
Toma & Associates, L.P.A., Inc.
33977 Chardon Road
Suite 100
Willoughby Hills, Ohio    44094


**ATTORNEYS FOR APPELLEE**

Andrew J. Dorman
Adam J. Davis
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio    44115

MARY J. BOYLE, P.J.:

{¶1} Plaintiff-appellant, John Carter, appeals the trial court's decision granting the motion to compel filed by defendant-appellee, Gestalt Institute of Cleveland, Inc. ("Gestalt"). He raises the following three assignments of error:

I. The trial court erred in ordering plaintiff to produce a transcript from criminal proceedings that were sealed pursuant to Ohio Rev. Code 2953.52, et seq., because there is no authority to unseal appellant's records.

II. The trial court erred in creating a new waiver that would allow access to sealed records of criminal proceedings where there is no authority to support access.

III. The trial court erred in ignoring appellant's right to deny that the trial transcript at issue exists.

{¶2} Finding no merit to the appeal, we affirm.

Procedural History and Facts

{¶3} In June 2010, Carter filed the underlying action against Gestalt, asserting a single claim for indemnification. According to the complaint, "Carter was indicted for charges of theft against Gestalt" pursuant to R.C. 2913.02(A)(2) in "*State of Ohio v. John Carter* (CR-07-503406)." The complaint further alleges that "Carter was acquitted of said charges pursuant to Ohio [Crim.] Rule 29 on September 4, 2008 and his record was subsequently expunged on March 3, 2009."

{¶4} Relying on R.C. 1702.12(E), Ohio's statutory authority recognizing a corporation's indemnification powers, and Gestalt's Code of Regulations, Carter seeks indemnification of the costs for defending the criminal action. Specifically, Carter alleges that he is entitled to indemnification because he "was involved in the above

mentioned criminal action by reason of the fact that he was a director of Gestalt." According to the complaint, "Gestalt provides for indemnification of any director or officers of the corporation as it is permitted to indemnify by and under Ohio Rev. Code 1702.12(E)." He seeks to recover $50,093.50 — the amount of attorney fees and expenses incurred in defending the criminal action.

{¶5} Shortly after Carter's filing of the lawsuit, the parties mutually agreed to a stipulated entry for a protective order and to seal the record in this case. The parties specifically stipulated that any document pertaining to the previous criminal proceedings of Carter as set forth in Case No. CR-07-503406, or matters specifically related thereto, shall be filed with the clerk of courts under seal subject to further order of the trial court. The stipulated entry, which the trial court adopted and issued as an order, also contained other safeguards to limit the dissemination of the confidential and sensitive information covered under the protective order.[1] For example, the order prohibited "any information obtained during the discovery process relating to the criminal matter

---

[1] Although Civ.R. 26(C) grants to the court the discretionary power to seal deposition transcripts or other documents contained in discovery when "good cause" is shown, "requests for protective and confidentiality orders should be viewed by trial courts with abundant skepticism and granted only begrudgingly." *Adams v. Metallica, Inc.*, 143 Ohio App.3d 482, 490-491, 758 N.E.2d 286 (1st Dist.2001), citing Fitzgerald, Note, *Sealed v. Sealed: A Public Court System Going Secretly Private* (1990), 6 J.L. & Pol. 381, 382. In this case, the trial court did not limit its protective order simply to discovery. Given the "open courts" provision of the Ohio Constitution and Ohio's Public Records Act, we question the basis for the trial court ordering such a broad protective order, allowing the parties' counsel to "designate any pleading, or discovery material as being subject to this protective order, and * * * placed under seal" by the trial court.

(CR-07-503406)" from being "turned over to any third party without the authorization of this court, or the authorization of both parties and counsel."

{¶6} While the parties' cross-motions for summary judgment were pending with the trial court, Gestalt filed a motion to compel discovery and/or motion for an in camera inspection of any and all documents related to Carter's criminal case, arguing that the evidence was relevant and necessary to Gestalt's defense of the case. Gestalt argued that Carter had waived any privilege covering the documents by electing to use a document from his criminal case to aid in the prosecution of his civil claim. Gestalt further contended that Carter cannot hide behind his expungement when it suits his purposes to avoid the discovery of information that may hinder his claim. Gestalt alternatively sought an in camera inspection by the court to determine what documents should be produced.

{¶7} Carter opposed Gestalt's motion, pointing out that the issue of the discovery of the criminal case had already been determined to be off limits.

{¶8} On December 28, 2012, the trial court issued an order denying both parties' cross-motions for summary judgment. With respect to Gestalt's motion to compel, the trial court granted the motion in part, stating the following:

> Plaintiff shall produce all formerly public records, including the docket and related filings, related to the underlying criminal case (Case No. CR-07-503406). As all previous filings have been made under seal, the parties shall continue filings in this case under seal.

{¶9} Following a pretrial, the new trial judge who took over the case, set a deadline for the parties to brief issues related to the interpretation of the court's

December 28, 2012 order in response to Carter's claim that the trial transcript of the criminal proceeding was not a "public record," and therefore did not need to be produced. Carter filed a brief outlining his position that he is not required to produce a transcript from his criminal proceedings because the records have been expunged. Gestalt, on the other hand, argued that Carter has waived any privilege. After the matter was briefed, the trial court issued the following order:

> The court's order of 12/28/2012 is reiterated. Defendant's motion to compel is granted. Plaintiff has brought this litigation for indemnification and therefore cannot stand on the fact that the record is sealed to keep relevant information from defendant during the discovery process. Pursuant to this court's 12/28/12 order, plaintiff is hereby ordered to produce the referenced transcript to the defendant within seven days of journalization of this entry.

{¶10} From this order, Carter now appeals.

Sealed Official Records

{¶11} In his three assignments of error, Carter argues that the trial court erred in ordering him to produce a transcript from criminal proceedings that were sealed pursuant to R.C. 2953.52. He argues that the trial court had no authority to order his record unsealed and that the information is not subject to disclosure.

{¶12} R.C. 2953.52 governs the sealing of official records after a not guilty finding, dismissal of proceedings, or no bill. The statute allows any person, "who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information," or "who a no bill is entered by a grand jury" to apply to the court for an order to seal the person's official records in the case.

R.C. 2953.52(A)(1) and (2).   The statute sets forth certain criteria that the court must examine, and if all the criteria weighs in favor of the movant, then the court "shall issue an order directing that all official records pertaining to the case be sealed and that, except as provided in section 2953.53 of the Revised Code, the proceedings in the case be deemed not to have occurred."   R.C. 2953.52(B)(2)(a)-(d) and (B)(4).

{¶13} R.C. 2953.53 governs the order to seal records and public office or agency's index of sealed records.   Relevant to this appeal, R.C. 2953.53(D) provides in pertinent part:

> A public office or agency also may maintain an index of sealed official records, in a form similar to that for sealed records of conviction as set forth in division (F) of section 2953.32 [ —   statute that deals with sealing of record of conviction —] of the Revised Code, access to which may not be afforded to any person other than the person who has custody of the sealed official records.   The sealed official records to which such an index pertains shall not be available to any person, except that the official records of a case that have been sealed may be made available to the following persons for the following purposes:
>
> (1) To the person who is the subject of the records upon written application, and to any other person named in the application, for any purpose;
>
> (2) To a law enforcement officer who was involved in the case, for use in the officer's defense of a civil action arising out of the officer's involvement in that case;
>
> (3) To a prosecuting attorney or the prosecuting attorney's assistants to determine a defendant's eligibility to enter a pre-trial diversion program established pursuant to section 2935.36 of the Revised Code;

(4) To a prosecuting attorney or the prosecuting attorney's assistants to determine a defendant's eligibility to enter a pre-trial diversion program under division (E)(2)(b) of section 4301.69 of the Revised Code.

**{¶14}** Pointing to the exceptions enumerated in R.C. 2953.53(D)(1)-(4), Carter argues that the trial court had no authority to order his record unsealed because none of the exceptions apply. In support of his argument, he relies on several Ohio cases that recognize that courts have no discretion in unsealing criminal records and that records may be unsealed only for the exceptions enumerated under the statute. *See, e.g.*, *Akron v. Frazier*, 142 Ohio App.3d 718, 723, 756 N.E.2d 1258 (9th Dist.2001); *State v. Wenninger*, 12th Dist. Brown No. CA2009-07-026, 2010-Ohio-1009. To the extent that one Ohio court has decided the issue differently, Carter maintains that case is an "outlier" and stands for a narrow exception not applicable in this case. *See State v. Vanzandt*, 1st Dist. Hamilton No. C-130079, 2013-Ohio-2290, *discretionary appeal allowed*, 136 Ohio St.3d 1491, 2013-Ohio-4140, 994 N.E.2d 462.

**{¶15}** We find Carter's arguments, however, unpersuasive. Here, the parties wrongfully characterize the trial court's ruling as "unsealing" Carter's criminal record under R.C. 2953.53(D). There was never a motion to unseal the record before the court. Nor did the court order that the record be "unsealed." The cases referenced above all deal with the precise issue of unsealing a record. This is not the issue in this case, and therefore we need not resolve whether a trial court has "judicial power" apart

from the enumerated grounds set forth in R.C. 2953.53(D) to grant access to sealed records and order a record unsealed.[2]

Discovery Issue

{¶16} The record reveals that the court granted Gestalt's motion to compel, ordering Carter to produce a copy of his trial transcript, which Carter already has in his possession.[3]   The trial court also ordered Carter to produce "all formerly public records, including the docket and related filings, related to the underlying criminal case."   The issue in this case, therefore, is whether the trial court properly granted Gestalt's motion to compel in accordance with the rules of civil discovery.

{¶17} Civ.R. 26(B) provides that parties may obtain discovery on any unprivileged matter that is relevant to the subject matter involved in the pending action. Although the information sought need not itself be admissible at trial, it should appear "reasonably calculated to lead to the discovery of admissible evidence."   *Id.*

{¶18} Generally, a discovery dispute is reviewed under an abuse-of-discretion standard.  *Ward v. Summa Health Sys.*, 128 Ohio St.3d 212, 2010-Ohio-6275, 943 N.E.2d 514, ¶ 13.   "However, if the discovery issue involves an alleged privilege, it is a question of law that must be reviewed de novo."   *Id.; see also J&C Marketing, L.L.C. v.*

---

[2]   We note that the Ohio Supreme Court has accepted this issue for review and the matter is currently being briefed before the court in *State v. Vanzandt*, 136 Ohio St.3d 1491, 2013-Ohio-4140, 994 N.E.2d 462.

[3]   As part of the total fees that Carter seeks indemnification, the cost of the transcript of the criminal proceedings is included.

*McGinty,* 8th Dist. Cuyahoga No. 99676, 2013-Ohio-4805, ¶ 9 (applying de novo standard of review to prosecutor's claim that law enforcement investigatory privilege applied).

{¶19} Carter maintains that his right to privacy in his sealed records, as recognized by R.C. 2953.52, et seq., is absolute and not discoverable because no enumerated exception to R.C. 2953.53(D) applies in this case. In essence, he contends that his sealed records are afforded a cloak of confidentiality, rendering them privileged and undiscoverable in civil litigation. He further points to R.C. 2953.55, arguing that he has an absolute right to deny the existence of the sealed records, and in particular, his criminal trial transcript.

{¶20} Contrary to Carter's assertion, however, we do not find that the statutory scheme contained in R.C. 2953.51 – 2953.56 provides an absolute bar to the discovery of his sealed records in the course of civil litigation. The statutory scheme does not address the issue of the discovery of sealed records in civil litigation. While the statutory scheme clearly prohibits a "public office or agency" from granting access to sealed records absent the enumerated exceptions and even criminally punishes "an officer or employee of the state or any of its political subdivisions" from releasing or disseminating sealed records, the statute does not prevent Carter from obtaining and disclosing his sealed records. *See* R.C. 2953.53 and 2953.55. Indeed, Carter has an absolute right to access this information under R.C. 2953.53(D)(1). *See Frazier*, 142 Ohio App.3d 718 at 723, 756 N.E.2d 1258. "The statute does not even require

intervention by the court for individuals given access under R.C. 2953.53(D)."

*Vanzandt*, 1st Dist. Hamilton No. C-130079, 2013-Ohio-2290, at ¶ 12.

**{¶21}** Here, the trial court's order did not direct any public office or agency to release the sealed records at issue. Instead, the trial court ordered Carter to produce these records, and in particular the trial transcript, which he has in his possession. The trial court's order compels Carter to produce relevant information that he has an absolute right to under the law. Under these circumstances, we fail to see any privilege that allows Carter to deny Gestalt access to these documents. The protection afforded under the statutory scheme is not absolute, especially when Carter has placed the sealed criminal proceedings at issue by pursuing the indemnity claim. While Carter has the right to prosecute his indemnification claim, he does not have the concomitant right to control discovery in the civil case.

Right to Deny Existence of Trial Transcript

**{¶22}** Relying on R.C. 2953.55(A), Carter argues that he has an absolute right to deny the existence of the sealed trial transcript, and therefore cannot be compelled to produce it.

**{¶23}** R.C. 2953.55(A) provides a shield to any person whose records have been sealed, expressly granting such a person the right to deny that the records exist. Specifically, the statute provides the following:

> In * * * any appearance as a witness, or any other inquiry, a person
>
> may not be questioned with respect to any record that has been sealed

pursuant to section 2953.52 of the Revised Code. If an inquiry is made in violation of this section, the person whose official record was sealed may respond as if the arrest underlying the case to which the sealed official records pertain and all other proceedings in that case did not occur, and the person whose official record was sealed shall not be subject to any adverse action because of the arrest, the proceedings, or the person's response.

{¶24} Although we recognize the protection afforded under R.C. 2953.55, we find that Carter has forfeited the right by filing the underlying lawsuit. The thrust of the underlying litigation initiated by Carter is premised upon the sealed criminal proceedings and whether he was prosecuted "by reason of the fact that he was a director of Gestalt." In the complaint filed in this case, Carter specifically identified the criminal proceedings that have been sealed and disclosed the offense that he was indicted on in those proceedings. By doing so, he cannot subsequently deny selected information related to the same proceedings by invoking the statute. Otherwise, such a tactic gives Carter an unfair advantage in the litigation, designating Carter the gatekeeper of the evidence in the proceedings, including evidence that may be beneficial to Gestalt's defense. While the statute is clearly intended to shield a person's confidential sealed records, it is not intended to operate as *both* a shield and a sword.

{¶25} Carter maintains that "[b]ecause his absolute and substantial right to have his criminal records remain sealed is paramount, [he] has chosen to pursue his indemnity claim without them." Such an argument suggests that the records only stand to support

Carter's claim. But the reverse could equally be true, i.e., the records could demonstrate that Carter was not prosecuted "by reason of the fact that he was a director of Gestalt," thereby proving Gestalt's defense. By granting the motion to compel, the trial court properly recognized that Carter cannot control the evidence that Gestalt may use in support of its defense. This is not the purpose of R.C. 2953.55.

## Privacy Interest Protected

{¶26} The trial court clearly balanced two competing interests in this case and determined that Carter's privacy interest does not trump Gestalt's right to defend itself on the claim in this case. Although the trial court granted Gestalt's motion to compel, the use of the sealed records are still subject to the protective order issued by the trial court and not available to third parties or the general public. The trial court specifically prohibited "any information obtained during the discovery process relating to the criminal matter (CR-07-503406)" from being "turned over to any third party without the authorization of this court, or the authorization of both parties and counsel."

## Conclusion

{¶27} Having found that there is no absolute privilege that bars the discovery of Carter's sealed official records, we find that the trial court did not err in compelling Carter to produce them. Carter's three assignments of error are overruled.

{¶28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
PATRICIA ANN BLACKMON, J., CONCUR