[Cite as *DeMarco v. Allstate Ins. Co.*, 2014-Ohio-933.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100192**

## ELIZABETH DeMARCO

PLAINTIFF-APPELLEE

vs.

## ALLSTATE INSURANCE CO., ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-789067

**BEFORE:** Jones, P.J., E.A. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** March 13, 2014

**ATTORNEYS FOR APPELLANT**

**For Allstate Insurance**

Adam E. Carr
The Carr Law Office, L.L.C.
5824 Akron-Cleveland Road
Suite A
Hudson, Ohio 44236

**For Jerome Chavez, Jr.**

Jerome Chavez, Jr., pro se
Inmate #A634-088
c/o Warden Terry Tibbals
P.O. Box 788
Mansfield, Ohio 44901

**For Tracy Schmidt**

Tracy Schmidt, pro se
7803 Pelham Drive
Parma, Ohio 44129


**ATTORNEYS FOR APPELLEE**

Michael D. Goldstein
Goldstein & Goldstein Co., L.P.A.
55 Public Square
Suite 2075
Cleveland, Ohio 44113

Steven M. Weiss
Law Offices of Steven M. Weiss
55 Public Square
Suite 1055
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

**{¶1}** Defendant-appellant Allstate Insurance Company appeals from the trial court's July 9, 2013 judgment finding that five discovery requests made by plaintiff-appellee Elizabeth DeMarco were not privileged. We affirm.

## I. Procedural History and Facts

**{¶2}** In December 2010, DeMarco was involved in an automobile accident with defendant-appellant Jerome Chavez, Jr. Chavez was driving a vehicle owned by defendant-appellant Tracy Schmidt. At the time of the accident, neither Chavez nor Schmidt had automobile insurance;[1] DeMarco was insured by Allstate.

**{¶3}** In August 2012, DeMarco initiated this action against Allstate, Chavez, and Schmidt. At issue in this appeal is her action against Allstate. In her claims against the company, DeMarco sought a declaration that she is legally entitled to recover damages under her policy for uninsured/underinsured motorist coverage. DeMarco also sought a declaration regarding the rights and responsibilities of the parties vis-à-vis Allstate's rights of subrogation and/or reimbursement.

**{¶4}** Further, DeMarco alleged that Allstate has "refused to fully compensate" her and that said refusal "constitutes a breach of the terms and conditions of [her policy with Allstate] and a breach of it[s] implied covenant to perform its obligations under the contract in good faith." Complaint, ¶ 33 and 34.

---

[1]This fact was established through the trial court's judgment on DeMarco's partial summary judgment motion.

{¶5} Allstate filed a motion to bifurcate and stay discovery. In its motion, the company contended that DeMarco had not alleged a bad faith claim, but nonetheless sought to bifurcate DeMarco's "claims for bad faith and punitive damages from the underlying claim for uninsured/underinsured motorist coverage."

{¶6} Allstate also filed a motion for a protective order, "prohibiting [DeMarco] from enforcing a notice of deposition that seeks only information related to Allstate's investigation and defense of this claim and not any of the underlying facts." Allstate maintained in its motion that such information was protected by work-product and attorney-client privileges.

{¶7} DeMarco opposed both motions. Relative to the motion for a protective order, DeMarco contended that her Civ.R. 30(B)(5) deposition notice sought (1) non-privileged information to support her claims and (2) non-privileged information "concerning the basis of Allstate's numerous and frivolous denials." As examples of such denials, DeMarco referred to Allstate's answer, wherein it denied that DeMarco was an insured under the policy and that her vehicle was an insured vehicle under the policy. Allstate also denied in its answer that Chavez and Schmidt were uninsured.

{¶8} Relative to Allstate's motion to bifurcate and stay discovery, DeMarco contended that it was illogical for Allstate to argue that she had not alleged a bad faith claim, but then seek to bifurcate the claim.

{¶9} In its reply, Allstate maintained that DeMarco had not "actually asserted any claims for bad faith * * * [and] [t]hus, she is not entitled to discovery in the first place.

The issue of bifurcation and discovery ought to be moot."

**{¶10}** The trial court denied Allstate's request to bifurcate the bad faith claim, stating that because Allstate had maintained that there was no bad faith claim, there was nothing in that regard to bifurcate. The trial court denied in part, and granted in part, Allstate's request for a protection order. Specifically, the court denied the motion as it pertained to the following:

(1) Allstate's investigation as to whether the subject Allstate policy provides coverage for DeMarco's uninsured motorist claim;

(2) The manner in which Allstate evaluated DeMarco's claim and how it arrived at the amount of the final settlement offer made to settle the claim;

(3) The identity (names, work addresses, and present place of employment) of all persons who assisted in any way in calculation of the amount of the final settlement offer Allstate made to settle the claim, including the identity of every person that is a physician or nurse who participated in the evaluation of the claim;

(4) Everything Allstate did to determine if Chavez was insured under an automobile liability insurance policy or SR-22 bond on the date of the accident;

(5) Everything Allstate did to determine if the vehicle Chavez was operating at the time of the collision was insured under an automobile liability insurance policy or SR-22 bond.

**{¶11}** Allstate's sole assignment of error reads: "The trial court erred in denying Allstate's motion for a protective order for privileged matters related to Allstate's investigation and defense of the claim."

## II. Law and Analysis

**Standard of Review**

**{¶12}** We first address the standard of review; Allstate contends we review de novo, while DeMarco contends we review for an abuse of discretion.

**{¶13}** Ordinarily, a discovery dispute is reviewed under an abuse-of-discretion standard. *Tracy v. Merrell Dow Pharmaceuticals, Inc.*, 58 Ohio St.3d 147, 151-152, 569 N.E.2d 875 (1991). However, if the discovery issue involves an alleged privilege, as in this case, it is a question of law that must be reviewed de novo. *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13; *see also Carter v. Gestalt Inst. of Cleveland, Inc.*, 8th Dist. Cuyahoga No. 99738, 2013-Ohio-5748, ¶ 18.

**Protective Orders**

**{¶14}** The burden of showing that testimony or documents are privileged rests with the party seeking to exclude it. *Covington v. The MetroHealth Sys.*, 150 Ohio App.3d 558, 2002-Ohio-6629, 782 N.E.2d 624, ¶ 24 (10th Dist.). Civ.R. 26(C) governs protective orders and provides in pertinent part as follows:

> Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: * * * (4) that certain matters not be inquired into or that the scope of the discovery be limited to certain matters * * *.

**Discovery from Insurer in Support of Bad Faith Claim and Attorney- Client Privilege**

**{¶15}** "In an action alleging bad faith denial of insurance coverage, the insured is entitled to discover the insurance company's claims file materials containing attorney-client communications related to the issue of coverage that were created prior to

the denial of coverage." *Boone v. Vanliner Ins. Co.*, 91 Ohio St.3d 209, 744 N.E.2d 154 (2001), syllabus. Allstate contends that DeMarco did not allege a bad faith claim in her complaint. We disagree.

{¶16} DeMarco alleged that Allstate has "refused to fully compensate" her, and that said refusal "constitutes a breach of the terms and conditions of [her policy with Allstate] and a breach of it[s] implied covenant to perform its obligations under the contract in good faith." Complaint, ¶ 33 and 34.

{¶17} "An insurer's lack of good faith in the processing of a claim is frequently referred to as 'bad faith.'" *Boone* at 210, fn. 1 citing *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St.3d 272, 452 N.E.2d 1315 (1983), paragraph one of the syllabus; *see also Slater v. Motorists Mut. Ins. Co.*, 174 Ohio St. 148, 644 N.E.2d 397 (1962) ("A lack of good faith is the equivalent of bad faith * * *."), *overruled on other grounds*, *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552, 644 N.E.2d 397 (1994).

{¶18} DeMarco alleged a lack of good faith. In light of the above, she, therefore, alleged that Allstate acted in bad faith. We are not persuaded by Allstate's contention that the trial court's judgment denying its request to bifurcate, wherein the court stated that there was no bad faith claim to bifurcate, established that DeMarco did not allege bad faith. The trial court's judgment merely pointed out the illogical nature of Allstate's request; that is, its request to bifurcate which it contends does not exist, despite Allstate itself acknowledging DeMarco had a bad faith claim.

{¶19} Accordingly, the attorney-client privilege did not bar DeMarco from

discovery in this case.

**Work-Product Privilege**

{¶20} Allstate also contends that the subject discovery is protected under the work-product privilege. The Ohio Supreme Court has defined work product as follows:

> Work product consists of "documents and tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative" and may be discovered only upon a showing of good cause. Civ.R. 26(B)(3). * * * The purpose of the work-product doctrine is "to prevent an attorney from taking undue advantage of his adversary's industry or efforts."

*Boone* at *id.*, fn. 2, quoting Civ.R. 26.

{¶21} According to Allstate, its claims file was "by definition 'prepared in anticipation of litigation' [and] * * * DeMarco cannot obtain this information without showing 'good cause.'" DeMarco on the other hand contends that the subject discovery was relative to Allstate's pre-suit evaluation of the case.

{¶22} We disagree with Allstate's position that, by definition, its claims file was prepared in anticipation of litigation. Allstate's business is providing insurance to insureds for a premium. Whenever an insured makes a claim, Allstate, in the ordinary course of business, opens a file for the claim. "[A]n insurance company has a routine duty to investigate accidents and, thus, such materials generated are not prepared in anticipation of litigation but prepared in the ordinary course of business." *Roggelin v. Auto-Owners Ins.*, 6th Dist. Lucas No. L-02-1038, 2002-Ohio-7310, ¶ 15.

{¶23} That is not to say that an insurance company's claims file can never be protected under the work-product doctrine.

> In determining whether the material are prepared in the ordinary course of business or are work product prepared in anticipation of litigation, the facts of each case must be carefully reviewed because "at a certain point an insurance company's activity shifts from the ordinary course of business to anticipation of litigation." (Citations omitted.)

*Id.*, quoting *Tayler v. Travelers Ins. Co.*, 183 F.R.D. 67, 71 (N.D.N.Y.1998).

**{¶24}** But on the record before us, the discovery request related to Allstate's pre-suit evaluation of the case and, thus, was not protected under the work-product privilege.

**{¶25}** In light of the above, the trial court did not err in denying Allstate's motion for a protective order relative to the subject discovery request. Its sole assignment of error is, therefore, overruled.

**{¶26}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR